37 F.3d 1495
 39 ERC 1799
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mario J. PALUMBO, Attorney General of West Virginia, as
parens patriae of certain citizens of West Virginia; City
of Chester, West Virginia; State of West Virginia, by David
C. Callaghan in his official capacity as director of West
Virginia Division of Environmental Protection; The City of
Pittsburgh, Pennsylvania; Save Our Country, Incorporated;
Let's Improve Valley Environment, Incorporated ("LIVE");
Joy Allison; Tom Archer; June Archer; Robert Mckinnon;
Margery Mckinnon; Homer Wright; Doris Wright; Clare
Stover; Phyllis Marchbanks; Donald Danver; Donna Danver;
Ralph Bosco; Alonzo Spencer; Rosalie Spencer; Jess
Barnhart; Edith Barnhart; Keith Sevy; Lois Sevy; Sherman
Waight; Dorothy Waight, Plaintiffs-Appellees,
v.
WASTE TECHNOLOGIES INDUSTRIES, an Ohio partnership; Waste
Technologies, Incorporated, an Arkansas corporation; Von
Roll (Ohio), Incorporated, a Delaware corporation; Energy
Technology, Incorporated, an Ohio corporation;
Environmental Elements Ohio, Incorporated, a Delaware
corporation, Defendants-Appellants, Richard J. Gottlieb;
Robert D. Pollitt; William H. Hill; Stephen R. Van Camp;
Silas B. Taylor; Patrick S. Cassidy; Ashley C. Schannauer;
Mary K. Conturo; Joseph M. Reidy; Thomas W. Rodd; Scott
S. Segal; Robert J. Shostak; Louis M. Tarasi, Jr.; Steven
M. Recht; Arthur J. Recht, Appellees.
 No. 94-1296.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 28, 1994.
Decided Oct. 20, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CA-92-72-W-S)
 ARGUED: Randolph Carson Wiseman, Trial Counsel, BRICKER & ECKLER, Columbus, Ohio, for Appellants.
 Stephen Raymond Van Camp, Senior Assistant Attorney General, Charleston, West Virginia; Louis M. Tarasi, Jr., Matthew A. Hartley, TARASI & JOHNSON, P.C., Pittsburgh, PA; Robert J. Shostak, SOWASH, CARSON & SHOSTAK, Athens, Ohio, for Appellees.
 ON BRIEF: Charles H. Waterman, III, James J. Hughes, III, BRICKER & ECKLER, Columbus, Ohio, for Appellants. Darrell V. McGraw, Jr., Attorney General, Charleston, W VA; Jeffrey A. Kodish, SOWASH, CARSON & SHOSTAK, Athens, Ohio; Ashley C. Schannauer, PITTSBURGH DEPARTMENT OF LAW, Pittsburgh, PA; Joseph M. Reidy, SAMUELS & NORTHRUP, Columbus, Ohio, for Appellees.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this case appellants Waste Technologies Industries et al. (collectively "WTI") seek an award of litigation costs and attorneys' fees under the fee-shifting provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. Sec. 6972(e) (1988), as well as sanctions under Federal Rule of Civil Procedure 11. The district court declined to assess such sanctions or costs of litigation. We affirm.
 
 I.
 
 2
 On April 21, 1992, plaintiffs brought suit under Sec. 6972(a)(1)(B) of RCRA in the United States District Court for the Northern District of West Virginia, seeking to enjoin WTI's operation of a hazardous waste incinerator in East Liverpool, Ohio. Plaintiffs alleged that the WTI facility posed an imminent and substantial endangerment to the environment, health, safety, and welfare of certain citizens of West Virginia. WTI moved to dismiss the action on several grounds, including lack of personal and subject matter jurisdiction. WTI further alleged that the claims asserted had been litigated in prior state and federal permitting processes, in which plaintiffs had participated or had declined the opportunity to participate.
 
 
 3
 On October 9, 1992, the district court held that it had subject matter jurisdiction over plaintiffs' amended complaint pursuant to 42 U.S.C. Sec. 6972(a)(1)(B). WTI pursued an interlocutory appeal to this court, which reversed the judgment of the district court. See Palumbo v. Waste Technologies Industries, 989 F.2d 156 (4th Cir.1993). We held in essence that the complaint amounted to an impermissible attempt to obtain collateral review of final permits issued by state and federal environmental agencies, a challenge precluded by the RCRA scheme for appeals of administrative decisions, 42 U.S.C. Sec. 6976. Id. at 159, 161. The district court dismissed the case on March 26, 1993.
 
 
 4
 On May 18, 1993, WTI filed a motion in the district court seeking its costs of litigation, including expert witness and attorneys' fees, pursuant to 42 U.S.C. Sec. 6972(e), and sanctions under Rule 11. The district court denied WTI's motion and WTI appeals.
 
 II.
 
 5
 In declining to award WTI's costs of litigation, the district court concluded that appellees' lawsuit was neither frivolous nor imposed for an improper purpose and that WTI in any event had not advanced the goals underlying RCRA. Similarly, the district court refused to assess Rule 11 sanctions simply because appellees' suit had been dismissed for lack of subject matter jurisdiction; the court emphasized again that appellees' suit was neither frivolous nor unreasonable. Both the fee-shifting statute and Rule 11 vest discretion in the district court to make these determinations. See 42 U.S.C. Sec. 6972(e) ("The court ... may award costs of litigation ... whenever the court determines such an award is appropriate."); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) ("[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination."). We cannot say that the district court abused its discretion in declining to assess fees, litigation costs, or sanctions.
 
 
 6
 The scope of the RCRA citizen suit provision had not been the subject of extensive litigation at the time plaintiffs initiated their civil action. Thus, plaintiffs' suit could be viewed as a good faith, though unavailing, attempt to test the parameters of 42 U.S.C. Sec. 6972(a). Although plaintiffs did not prevail, we do not believe that losing a lawsuit invariably subjects a plaintiff to sanctions under Rule 11 or litigation fees and costs under a discretionary fee-shifting statute. "Rule 11 was never meant to impose a penalty upon every plaintiff whose case is dismissed." Forrest Creek Assoc. v. McLean Savings & Loan Ass'n, 831 F.2d 1238, 1244 (4th Cir.1987). The judgment of the district court is accordingly
 
 
 7
 AFFIRMED.